UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

**ROBERT ELTON TODD**            **CIVIL ACTION NO. 14-736**

**VERSUS**            **JUDGE ELIZABETH ERNY FOOTE**

**CAMERON INT'L CORP.**            **MAGISTRATE JUDGE HORNSBY**

---

### MEMORANDUM ORDER

Before the Court is Defendant's Motion for Summary Judgment. [Record Document 23.] Because the affidavits on which the Defendant relies in seeking summary judgment do not conform with the personal knowledge requirement of Rule 56(c)(4), the Court **DENIES** the Defendant's motion without prejudice.

In its memorandum opposing summary judgment, the Plaintiff argues, inter alia, that the Court should deny summary judgment because the stated basis of the affidavits supporting summary judgment, the affiants' "personal knowledge, information, and belief," does not satisfy the personal knowledge requirement of Rule 56. Record Document 30-2, pp. 16-17. Rule 56(c)(4) states in pertinent part, "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge . . . ." Fed. R. Civ. P. Rule 56(c)(4). The Fifth Circuit interprets this provision strictly, forbidding a court to consider an affidavit supporting or opposing summary judgment where the affidavit states that it is based both on information and belief and the affiant's personal knowledge. See Bolen v. Dengel, 340 F.3d 300, 313 (5th Cir. 2003) (finding

affidavit inappropriate for summary judgment where the affiant's statement that an agreement was signed by the affiant and the affiant's wife was based "on information and belief, and to the best of the affiant's recollection"). Courts that have interpreted the exact language used by the affiants in this matter–"personal knowledge, information, and belief"–considered the affidavit to the extent that the statements in the affidavit unambiguously indicate that they were based on the affiant's personal knowledge. See, e.g., Mendez v. Nationwide Prop. & Cas. Ins. Co., 910 F. Supp. 2d 784, 790-91 n.5 (D. Md. 2012); Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 n.4 (D. Md. 1998).

The Court is not satisfied that the four affidavits supporting the Defendant's summary judgment motion unambiguously indicate that they are based on the affiants' personal knowledge. See Malina, 18 F. Supp. 2d at 604 n.4; Record Documents 23-4, 23-7, 23-10, and 29. For instance, the Court cannot ascertain whether the assertion made by affiant Gary Townsend, one of the Defendant's district managers, that the Plaintiff's "job assignments and the manner in which he performed those assignments . . . were exclusively controlled by [the Defendant]" was based on Townsend's personal knowledge or, rather, on information and belief. See Malina, 18 F. Supp. 2d at 604 n.4 ("The fatal defect in Plaintiff's affidavit is that it is impossible to discern what 'facts' contained within it are based on his own personal knowledge . . . as opposed to those based on 'information' from other sources or his beliefs."); Record Documents 23-4. The affidavits therefore do not comply with the personal knowledge requirement of Rule 56(c)(4). Consequently, the Court may not consider them in addressing the Defendant's motion for summary judgment.

Without any affidavits to support its summary judgment motion, there remain genuine disputes of facts material to the grounds on which the Defendant seeks summary judgment.

Accordingly, the Defendant's motion for summary judgment is **DENIED**. The Defendant may reurge its motion for summary judgment by **Friday, April 8, 2016**, if it is substantially similar to the motion now denied by the Court. In such case, the Plaintiff, having already set forth the grounds of his opposition, may file an opposition brief only with leave of Court and for good cause shown. This Memorandum Order disturbs neither the deadlines set forth in the scheduling order nor either party's ability to timely file other dispositive motions.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of March, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE